Gerald Edward MARTIN, Appellant,

v.

The STATE of Texas, State.

No. 2–93–253–CR.

Court of Appeals of Texas,
Fort Worth.

Feb. 1, 1994.

Rehearing Overruled March 2, 1994.

Thomas L.G. Ross, Arlington, for appellant.

Tim Curry, Crim. Dist. Atty., Betty Marshall and Charles M. Mallin, Asst. Chiefs of Appellate Section, Steven W. Conder, Asst. Crim. Dist. Atty., Fort Worth, for State.

Before DAY, HICKS and FARRAR, JJ.

## OPINION

FARRAR, Justice.

Appellant, Gerald Edward Martin, appeals his jury conviction for murder. TEX.PENAL CODE ANN. § 19.02 (Vernon 1989). In three points of error, appellant asserts the trial judge erred in refusing to recuse himself and by refusing to refer the recusal motion to the presiding judge for a ruling when it was shown he had possibly participated in the preparation of appellant's case while serving as an assistant district attorney. Appellant further asserts the trial judge lost jurisdiction after the filing of the motion to recuse, and the judgment is void.

The appeal is abated and the cause is remanded for an evidentiary hearing.

During the guilt/innocence phase of the trial, Officer Thomas LeNoir, the primary investigating officer in the instant case, referred to his investigative notes during testimony. At the conclusion of his testimony, appellant requested and was provided the notes. These notes detailed the investigation and revealed that the trial judge, Robert K. Gill, while serving as an assistant district attorney, had provided advice to officers investigating the criminal involvement of a second party in the murder for which appellant was charged. The record reflects a hearing was held during which the State, appellant and Judge Gill asked Officer LeNoir questions regarding Prosecutor Gill's involvement in the instant and companion case. Appellant's motion for mistrial was denied. Later, appellant filed a Motion for Recusal and then re-urged the motion during the punishment phase of the trial. Both motions were denied.

■ The Texas Constitution provides in part:

No judge shall sit in any case ... when he shall have been counsel in the case....

TEX. CONST. art. V, § 11 (Vernon 1993). In addition the Code of Criminal Procedure provides:

No judge or justice of the peace shall sit in any case where he may be the party injured, *or where he has been of counsel for the State* or the accused, or where the

accused or the party injured may be connected with him by consanguinity or affinity within the third degree....

TEX.CODE CRIM.PROC.ANN. art. 30.01 (Vernon Supp.1994) (emphasis added). Further, the Texas Government Code provides:

A district or statutory county court judge *shall* ... request the presiding judge [of the administrative district] to assign another judge to hear a motion relating to his recusal of the judge from a case pending in his court.

TEX.GOV'T CODE ANN. § 74.059(c)(3) (Vernon 1988). If a trial judge participated in any manner in the preparation and investigation of the case, he would be a counsel for the State and hence disqualified. *Gamez v. State,* 737 S.W.2d 315, 318–19 (Tex.Crim.App. 1987); *Lee v. State,* 555 S.W.2d 121, 124–25 (Tex.Crim.App.1977).

■ The State contends appellant's Motion to Recuse was untimely, and therefore waived, because he failed to comply with the ten-day notice provision of Texas Rule of Civil Procedure 18a. *Arnold v. State,* 853 S.W.2d 543, 544–45 (Tex.Crim.App.1993) (explicitly applying Rule 18a to criminal proceedings). The ten-day requirement seeks to avoid the disruption caused by the filing of a recusal motion on the eve of trial. *Keene Corp. v. Rogers* 863 S.W.2d 168, 171 (Tex. App.—Texarkana 1993, no writ). However, the instant case is distinguishable from *Arnold* in that appellant did not know of the possible grounds for recusal until well into trial. Rule 18a does not contemplate the situation in which a party cannot know the basis of recusal until after a motion for recusal is no longer timely. *Id. citing Sun Exploration and Production Co. v. Jackson,* 783 S.W.2d 202, 206 (Tex.1989). *See also* Sam Sparks, *Judicial Recusal: Rule 18a—Substance or Procedure,* 12 St. Mary's L.J. 723 (1981). Appellant has not waived consideration of the issue.

■ We are not in the position to determine whether Judge Gill's counselling to Officer LeNoir regarding the preparation of the case against a second defendant rose to the level of participation and investigation of the instant case. An impartial fact finding, as

delineated in the statute, is necessary to resolve this question. *Gulf Maritime Warehouse Co. v. Towers,* 858 S.W.2d 556, 560 (Tex.App.—Beaumont 1993, writ denied).

Accordingly, the appeal is abated, and the cause is remanded for an evidentiary hearing, to be conducted by or at the direction of the presiding judge of the administrative district, on the question of Judge Gill's recusal.