In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-00281-CR

NO. 01-01-00282-CR

____________


JOSE LEONARDO ROSAS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 183rd District Court

Harris County, Texas

Trial Court Cause Nos. 849,829 & 862,221






O P I N I O N

 A jury found appellant, Jose Leonardo Rosas, guilty of two charges of
aggravated sexual assault of a child and assessed punishment in each case at 40 years
in prison. Appellant challenges: (1) the denials of his motions to recuse and denial
of a hearing for motion on his new trial, all based on the trial court's membership in
a child advocacy organization; (2) the prosecutor's reference to appellant's refusal to
give a statement to the police; (3) the trial court's denial of the opportunity to
question the reliability of an outcry statement; (4) the admission of extraneous
offenses; and (5) the constitutionality of the sex-offender registration statute, on the
grounds it constitutes outlawry. We affirm.

Facts

 M.R., a seven-year-old girl, was sexually assaulted by her father, appellant,
while her mother was in Mexico. This occurred on five occasions. M.R. told her
mother and aunt upon her mother's return from Mexico. M.R.'s aunt, Alejandra
Flores, noticed that M.R. was scratching her "private parts" and observed that
"everything looked like things were not right." M.R. told Flores that appellant had
penetrated her "middle part" by using cream. M.R. was taken to Texas Children's
Hospital for a medical examination where Dr. Pam Bailey discovered that M.R. was
suffering from a chlamydia infection, a sexually transmitted disease. M.R.'s mother
notified the police, and appellant was arrested.

 At trial, appellant filed two motions to recuse the trial court because of its
membership on the Children's Assessment Center (CAC) judicial council. The trial
court declined to recuse itself and referred the cases to a recusal court for the motion
to be heard. The Honorable Mark Davidson heard the motions and denied them. 
After the jury found him guilty, appellant filed a motion for new trial and two motions
to recuse the trial court from hearing the motion for new trial. The trial court again
declined to recuse herself and referred the cases to a recusal court. The Honorable
Olin Underwood heard the motions to recuse and denied them. Appellant's motion
for new trial was overruled by operation of law.

Motions to Recuse

 In his first six points of error, appellant contends the trial court was not an
impartial tribunal because of its membership in the Children's Assessment Center
judicial council. In points of error one through three, appellant challenges the trial
court's and the recusal courts' denials of his motions to recuse and motion for new
trial. In points of error four through six, appellant contends the trial court and the
recusal courts erred by refusing to hear evidence on the motions and allowing the
motion for new trial to be overruled by operation of law without a hearing.


 Waiver


 Initially, the State contends appellant has waived his recusal challenges
because he did not comply with the 10-day notice provision of Texas Rule of Civil
Procedure 18a. See Arnold v. State, 853 S.W.2d 543, 544-45 (Tex. Crim. App. 1993)
(holding that 10-day notice provision for motion to recuse in Rule 18a explicitly
apply to criminal cases); Tex. R. Civ. P. 18a. Appellant filed his motion to recuse on
February 5, 2001, the day trial began. But, if appellant did not know the grounds for
recusal before 10 days of the trial date, Rule 18a did not bar consideration of his
complaint. See Martin v. State, 876 S.W.2d 396, 397 (Tex. App.--Fort Worth 1994,
no pet.) ("Rule 18a does not contemplate the situation in which a party cannot know
the basis of recusal until after a motion for recusal is no longer timely.").

 Appellant's counsel stated in the motions to recuse that it was only days before
trial that he received a letter from appellant enclosing a letter from the officers of the
Children's Assessment Center Foundation that explained the purpose of the CAC's
judicial council. The State did not object to appellant's filing the motion to recuse
on the day of trial, and there is no evidence in the record that appellant could have
filed the motion before the 10-day period. The State does not contend on appeal that
appellant's counsel could have filed the motion to recuse prior to the 10-day
requirement of Rule 18a. We hold that appellant has not waived consideration of this
his recusal challenges. See Martin, 876 S.W.2d at 397.


 Standard of Review


 We review the trial court's refusal of a defendant's motion to recuse for abuse
of discretion. Wesbrook v. State, 29 S.W.3d 103, 120 (Tex. Crim. App. 2000) (citing
Kemp v. State, 846 S.W.2d 289, 306 (Tex. Crim. App. 1992)). A trial court's ruling
should not be reversed if it is within the zone of reasonable agreement. Westbrook,
at 120-21. Recusal is appropriate if the movant has provided enough facts to
establish that a reasonable person, knowing all the circumstances involved, would
harbor doubts as to the impartiality of the trial court, but only when the bias is of such
a nature and extent as to deny the movant due process of law. Kemp, 846 S.W.2d at
305. Moreover, the bias must have come from an extrajudicial source and result in
an opinion on the merits of the case other than what the judge learned from
participating in the case. Id. at 306.


 Trial Court's Membership on CAC Judicial Council


 Appellant contends the trial court's membership in the CAC judicial council
prevents its being an impartial tribunal for this case of child sexual assault. Appellant
raised this argument in two motions to recuse, which asserted the trial court had been
recused in the past on a similar case, and also offered a letter from the CAC stating
that the purpose of the CAC judicial council is to help represent the sexually abused
children of Harris County and serve as an advocate for all children in the community. 
The trial court is listed as one of the 12 judges serving on the judicial council.

 The State Bar Committee on Judicial Ethics issued an ethics opinion stating
that a judge violates Canon 2 of the Judicial Canon of Ethics by serving on the
judicial council of the Children's Assessment Center. Comm. on Jud. Ethics, State
Bar of Tex., Op. 270 (2001); see also Tex. Code Jud. Conduct, Canons 2 & 4. The
opinion also stated that membership on this council would require frequent recusal
in cases in which members of the organization might testify. Comm. on Jud. Ethics,
State Bar of Tex., Op. 270 (2001). Although no witnesses from the CAC were
expected to testify and none did, the State filed a notice of intent to introduce records
from the CAC. These records reflected a medical examination of M.R. indicating
several symptoms, including the chlamydia diagnosis.

 Mere violations of the Code of Judicial Conduct, standing alone, do not
constitute reversible error, and unethical conduct is not necessarily a legal ground for
reversal. Wesbrook, 29 S.W.3d at 121; Kemp, 846 S.W.2d at 305. Although bias can
result in disqualification, it must be of such a nature and extent as to deny appellant
due process of law. Wesbrook, 29 S.W.3d at 121 (citing McClenan v. State, 661
S.W.2d 108, 109 (Tex. Crim. App. 1983)). Appellant has not made such a showing.

 Appellant contends that the trial court has a "long running interest in the
prosecution of sex-abuse cases going back to her days as a prosecutor" and that the
trial court "has exhibited hostility towards defendants charged with such crimes." 
Appellant also contends the trial court stated during voir dire that "she hates such
cases," and repeatedly ruled in favor of the prosecution and against appellant on
objections. 

 First, our review of the record does not indicate that the trial court exhibited
hostility towards appellant. Second, the record does not reflect that the trial court
ruled repeatedly in favor of the prosecution and against appellant. Finally, there is
no evidence in the record that the trial court stated it "hates such cases" during voir
dire. Instead, the trial court explained the difficulty of handling sexual assault cases:

 Nobody likes these cases. I don't like standing up here and reading
these allegations to you. I don't even like reading them. Nobody thinks
that they want to sit and listen to this type of case. Nobody wants to
watch a child under the age of 14 take the witness stand and testify to
these allegations, whether they be true or they be not true. I mean, right,
nobody wants to do this. I'm sure the Prosecutor doesn't love
prosecuting these cases. The Defense probably doesn't love defending
these cases. But here we are. To be eligible for a juror, you don't have
to like these cases. And you certainly don't have to be a person who
wants to sit on this jury. But you have to be a person who can sit there
and fairly keep an open mind, and make your decision after you hear all
the evidence.


 Although the trial court had served on the CAC judicial council, appellant did
not demonstrate that the trial court was still serving on the council during the trial of
his case. Ethical violations alone are not grounds for a recusal, and we cannot say
that the trial court or recusal courts abused their discretion in denying the motions to
recuse.


 Refusal to Hear Evidence


 Appellant contends the trial court refused to hear evidence on the motions to
recuse. The trial court, however, expressly invited appellant to present any evidence
on the motion:

 I'm going to allow you to offer all the proof you want. So, you don't
have to do a Bill of Exceptions. I will allow you to offer proof. That's
what I'm inviting you to do at this time is to go forward an present
evidence.


Moreover, a trial court need not conduct a hearing on a motion for new trial unless
the motion raises matters that cannot be determined from the record. King v. State,
29 S.W.3d 556, 568-69 (Tex. Crim. App. 2000). Appellant raised only the issue of
the motion to recuse in the motion for a new trial. Appellant did not make any
showing that the trial court displayed bias at trial to deny him due process. The
record does not reflect any bias, and appellant did not raise any new evidence that
demonstrated bias that denied him due process.

 We overrule appellant's first six points of error.

Improper Prosecutorial Comments

 In his seventh point of error, appellant contends that the prosecutor improperly
referred to his refusal to give a statement to the police. The following occurred
during the cross-examination of appellant:

 Prosecutor: And in fact, the police gave you an opportunity to give a
statement on May 23, 2000, and you refused?


 Defense Counsel: Your Honor, I'm going to object to this question as
reflecting on his non-testifying, reflecting on his Fifth Amendment right.


 Trial Court: Sustained.


 Defense Counsel: Ask that the jury be instructed to disregard.


 Trial Court: The jury is instructed to disregard the portion of the
question that the prosecutor asked.


 Defense Counsel: I'd move for a mistrial.


 Trial Court: That's denied. You may proceed.


 It is unclear from the record if the prosecutor was inquiring about pre-arrest or
post-arrest silence. Comments made concerning pre-arrest silence are constitutionally
permitted. Waldo v. State, 746 S.W.2d 750, 755 (Tex. Crim. App. 1988). Although
comments concerning a defendant's post-arrest silence are a violation of the Fifth
Amendment prohibition against self-incrimination, an instruction to disregard will
generally cure the error. Dinkins v. State, 894 S.W.2d 330, 356 (Tex. Crim. App.
1995). An instruction to disregard is effective unless consideration of the facts of the
particular case suggests the impossibility of withdrawing the impression produced on
the minds of the jury. Waldo, 746 S.W.2d at 754. Moreover, the prosecutor did not
raise the issue again during cross-examination or in closing argument. Under these
circumstances, we hold that the trial court's actions cured any harm.

 We overrule appellant's seventh point of error.

Reliability of Outcry Statement

 In appellant's eighth point of error, he contends that he was denied the
opportunity to determine the reliability of an outcry statement. He concedes that error
was not properly preserved by objection, but contends that the error was fundamental
and did not require objection. 

 When the State offers an out-of-court statement pursuant to article 38.072 of
the Texas Code of Criminal Procedure, a defendant must object to the statement to
preserve error for appellate review. Holland v. State, 802 S.W.2d 696, 699-700 (Tex.
Crim. App. 1991). Failure to object waives the complaint on appeal. Beckham v.
State, 29 S.W.3d 148, 153 (Tex. App.--Houston [14th Dist.] 2000, pet. ref'd)
(holding complaints that article 38.072 violates confrontation rights under federal
constitution require objection to preserve error).

 We overrule appellant's eighth point of error.

Admissibility of Extraneous Offense

 In his ninth point of error, appellant contends that the trial court erred in
allowing the prosecutor to read statements from a medical record about extraneous
bad acts. The following exchange occurred during cross-examination of appellant:

 Prosecutor: Your Honor, I would like to read to the Defendant some
portions of the medical records. If I could read them out loud in
Spanish, and he can interpret them.

 

 Trial Court: Yeah. You want to read them out loud in English?

 

 Prosecutor: Yeah. Isn't that what I said?


 Trial Court: No.


 Prosecutor: All right. In the medical records, it says that mother reports
a history.


 Defense Counsel: Your Honor, I'm going to object to this. It's hearsay
within hearsay.


 Trial Court: Isn't that a document that's already been introduced?


 Prosecutor: Yes.


 Trial Court: You may proceed. That's overruled.


 Prosecutor: Jose living part-time with her and part-time with other
women?


 Defense Counsel: Your Honor, I'm going to object to this as relevancy.


 Trial Court: Overruled.


 Prosecutor: Jose pays mother's rent and bills. Mother does not work. 
Mother reports a history - I'm sorry, mother reports a history of
domestic violence.


 Defense Counsel: Your Honor, I'm going to object to this as
introducing extraneous evidence.


 Trial Court: Sir, the document has been introduced into evidence
without objection. She may proceed. Your objection is overruled.


 Defense Counsel: May I have a running objection as to all the previous
objection just made to this evidence?


 Trial Court: Yes.


 Appellant concedes he is not challenging the admissibility of the medical
records, but rather the harm that resulted when evidence of an extraneous bad act was
read to the jury. Appellant cannot object on appeal to statements read from medical
records to the jury, when the medical records were previously admitted at trial
without objection. Wright v. State, 776 S.W.2d 763, 766 (Tex. App.--Corpus Christi
1989, pet. ref'd) (holding defendant waived error when medical records admitted
without objection, and contents then read to jury). 

 We overrule appellant's ninth point of error.

Constitutionality of Sexual Offender Registration

 In appellant's tenth point of error, he contends the public disclosure provisions
of Chapter 62 of the Texas Code of Criminal Procedure violate the Texas
Constitution because the statute constitutes outlawry. See Tex. Code Crim. Proc.
Ann. arts. 62.01-62.10 (Vernon Supp. 2002). The Texas Constitution provides:

 No citizen shall be outlawed. No person shall be transported out of the
State for any offense committed within the same. This section does not
prohibit an agreement with another state providing for the confinement
of inmates of this State in the penal or correctional facilities of that state.


Tex. Const. art. I, § 20.


 The statute, however, does not outlaw appellant, nor does it deny him the right
to redress in the court system. See Gone v. State, 54 S.W.3d 27, 37 (Tex.
App.--Texarkana 2001, pet. ref'd). Moreover, the statute is designed to protect the
public and merely imposes certain duties as a result of a conviction. Dean v. State,
60 S.W.3d 217, 226 (Tex. App.--Houston [14th Dist.] 2001, pet. filed). We hold the
sex-offender registration statute does not constitute outlawry under the Texas
Constitution.

 We overrule appellant's tenth point of error. 

Conclusion

 We affirm the judgment of the trial court.

 

 

 Tim Taft

 Justice


Panel consists of Chief Justice Schneider and Justices Taft and Radack.

Publish. Tex. R. App. P. 47.4.