In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00194-CR


______________________________




LUKE CLYDE TEIXERIA, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 28809-B




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Chief Justice Morriss


Concurring Opinion by Grant, J.



O P I N I O N



 Luke Teixeira appeals from his conviction for the offense of aggravated sexual assault on a
child. He pled guilty to the court without a plea agreement, and after a punishment hearing at which
several witnesses testified, the court sentenced him to life imprisonment.

 On appeal, Teixeira raises four issues: first, the trial court erred by refusing to consider the
entire range of punishment; second, the trial court erred by allowing Gayle Burress to testify as an
expert on sexual assault; third, he received constitutionally ineffective assistance of counsel at the
punishment hearing; and, fourth, the evidence is factually insufficient to support the conviction. 

 Teixeira first contends the court erred by refusing to consider the entire range of punishment. 
His contention is based on the following exchange between the court and Teixeira:

 The Court: Do you realize that probation is not a possibility insofar as ordinary
probation is concerned?

 

 Defendant: Yes, sir.

 

 The Court: You understand that if the Court defers adjudication of your guilt and places you
on deferred adjudication probation, on violation of any imposed condition you may be
arrested and detained as provided by law. You will then be entitled to a hearing limited to
determination by the Court of whether to proceed with adjudication of guilt on the original
charge. No appeal may be taken from the determination. And after adjudication of guilt, all
proceedings, including assessment of punishment, pronouncement of sentence, granting of
probation, and your right to appeal continue as if adjudication of guilt had not been deferred. 
Do you understand that?

 

 Defendant: Yes, sir.

 

 The Court: Now, I'm telling you as an admonishment because that is the law. But I'm also
telling you here right up front that I am not going to grant you deferred adjudication in this
case. Your lawyer has told you that, hasn't he?


 Defendant: No, sir.


 The Court: You do not expect that, do you?


 Defendant: I don't expect it, no, sir.


 The Court: And you realize, from what I'm telling you right now, that that's just
simply not going to happen.


 A court denies due process and due course of law if it arbitrarily refuses to consider the entire
range of punishment for an offense or refuses to consider the evidence and imposes a predetermined
punishment. Granadas v. State, No. 73,525, 2002 Tex. Crim. App. LEXIS 99 (Tex. Crim. App. May
8, 2002); Johnson v. State, 982 S.W.2d 403, 405 (Tex. Crim. App. 1998). Such a complaint is not
preserved for review unless a timely objection is raised. Washington v. State, 71 S.W.3d 498, 499
(Tex. App.-Tyler 2002, no pet.); Earley v. State, 855 S.W.2d 260, 262 (Tex. App.-Corpus Christi
1993), pet. dism'd, 872 S.W.2d 758 (Tex. Crim. App. 1994); Cole v. State, 757 S.W.2d 864, 865 
(Tex. App.-Texarkana 1988, pet. ref'd). No objection was made to the court's statement; thus, the
complaint was waived. We overrule this contention of error.

 Teixeira next contends the trial court erred by permitting Gayle Burress to testify as an expert
witness on the topic of sexual assault. The admission of expert testimony is within the sound
discretion of the trial court, and its decision will not be disturbed absent a clear abuse of that
discretion. Wyatt v. State, 23 S.W.3d 18 (Tex. Crim. App. 2000); Hooks v. State, 44 S.W.3d 607,
615 (Tex. App.-Texarkana 2001, pet. ref'd). To preserve error, anyone objecting to the admission
of evidence must state the specific ground for the objection, unless the specific ground is apparent
from the context. Tex. R. Evid. 103(a); Tex. R. App. P. 33.1; Bird v. State, 692 S.W.2d 65, 70
(Tex. Crim. App. 1985). For example, an objection to an improper predicate does not preserve error
unless the trial court is informed exactly how the predicate is deficient. Bird, 692 S.W.2d at 70;
Hernandez v. State, 53 S.W.3d 742, 745 (Tex. App.-Houston [1st Dist.] 2001, no pet.). 

 This Court has held that generally objecting to the qualifications of a tendered expert witness,
without specifying any particular deficiency in her qualifications or the reliability of her expert
opinions, is not sufficient to preserve error on appeal. Chisum v. State, 988 S.W.2d 244 (Tex.
App.-Texarkana 1998, pet. ref'd). (1) 

 After Burress testified about her background as a therapist and licensed counselor and her
educational background, Teixeira's defense attorney objected to her testimony. He objected because
he had not been informed that she would be testifying as an expert and asked that she be qualified
more thoroughly as an expert. (2) Counsel made no specific objection to any aspect of her expertise
in the area. Such a general objection does not preserve error for appellate review, and without a
showing that the trial court abused its discretion in admitting the testimony, we find no error and thus
overrule this contention.

 Teixeira further contends that he received constitutionally ineffective assistance of counsel. 
The standard of testing claims of ineffective assistance of counsel was set out in Strickland v.
Washington, 466 U.S. 668 (1984), and adopted for Texas constitutional claims in Hernandez v. State,
726 S.W.2d 53, 57 (Tex. Crim. App. 1986). To prevail on this claim, the appellant must prove by
a preponderance of the evidence (1) that his counsel's representation fell below an objective standard
of reasonableness and (2) that the deficient performance prejudiced his defense. Strickland, 466
U.S. at 695; Rosales v. State, 4 S.W.3d 228, 231 (Tex. Crim. App. 1999). To meet this burden, the
appellant must prove that his attorney's representation fell below the standard of prevailing
professional norms and that there is a reasonable probability that, but for his attorney's deficiency,
the result of the trial would have been different. Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App.
2000). Under this standard a claimant must prove that counsel's representation so undermined the
proper functioning of the adversarial process that the trial cannot be relied on as having produced
a just result. Strickland, 466 U.S. at 686. 

 Our review of counsel's representation is highly deferential. We indulge a strong
presumption that counsel's conduct falls within a wide range of reasonable representation. 
Strickland, 466 U.S. at 689, Tong, 25 S.W.3d at 712. This Court will not second-guess through
hindsight the strategy of counsel at trial, nor will the fact that another attorney might have pursued
a different course support a finding of ineffectiveness. Blott v. State, 588 S.W.2d 588, 592 (Tex.
Crim. App. 1979). That another attorney, including appellant's counsel on appeal, might have
pursued a different course of action does not necessarily indicate ineffective assistance. Harner v.
State, 997 S.W.2d 695, 704 (Tex. App.-Texarkana 1999, no pet.). Any allegation of ineffectiveness
must be firmly founded in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

 Teixeira specifically contends his trial counsel was ineffective in failing to request that a
sexual offense expert be appointed to assist at trial or in mitigation of punishment. Counsel argues
that because of the nature of these crimes and in light of the predictable testimony by the State's
expert that Teixeira would be likely to reoffend, trial counsel should have obtained an expert to
challenge those expert conclusions and to mitigate the State's claims about his future propensity to
commit such crimes.

 In order for this argument to have merit, there must be some showing in the record that an
expert would have testified in a manner that would have benefitted Teixeira. Without such a
showing, this Strickland attack on the conviction is not sustainable. We are unwilling to take the
position that an expert must be obtained in all sexual assault cases. We overrule this contention of
error.

 Teixeira finally contends the evidence is legally and factually insufficient to support the
verdict. In our review of the legal sufficiency of the evidence, we employ the standards set forth in
Jackson v. Virginia, 443 U.S. 307, 319 (1979). This calls upon the court to view the relevant
evidence in the light most favorable to the verdict and determine whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. Johnson v. State,
23 S.W.3d 1, 7 (Tex. Crim. App. 2000).

 In contrast, a factual sufficiency review dictates that the evidence be viewed in a neutral light,
favoring neither party. Johnson v. State, 23 S.W.3d at 7. In determining the factual sufficiency of
the evidence to establish the elements of the offense, we view all the evidence in a neutral light and
set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust. Id.

 Teixeira contends the evidence is insufficient in this guilty plea because a stipulation of
evidence which he signed states that all facts "alleged in the Indictment herein are true and correct
in that on the 1st day of January, 1999, in the County of Gregg . . ." he committed the alleged crime.
The indictment alleges that he committed the act on or about the 1st day of January 1997. 

 Teixeira also, however, signed a judicial confession stating that he had committed the offense
as set out in the indictment, and the police report which was admitted into evidence contains
information showing that Teixeira assaulted the victim in this case when she was six years old, and
that she was born in 1991. 

 There is clearly some evidence in support of the verdict. Thus, the legal sufficiency
contention fails. At most, there is a conflict in the evidence of guilt. We find from this record that
the evidence showing that he is not guilty of the charged offense is not so overwhelming as to require
us to find that the evidence is factually insufficient. We overrule this contention of error.

 We affirm the judgment.


 Josh R. Morriss, III

 Chief Justice



CONCURRING OPINION



 I do not agree with the majority opinion that counsel would be required to make an objection
to such fundamental error, because the trial strategy might make such an objection imprudent. 
However, I concur with the results because the appropriate action by counsel would have been to
move to recuse the trial judge on the basis that the trial judge had expressed an unwillingness to
consider the entire range of punishment. A motion to recuse is considered timely filed when the
matter for recusal arises even after the ten day deadline set in Tex. R. Civ. P. 18(a). Martin v. State,
876 S.W.2d 396 (Tex. App.-Fort Worth 1994, no pet.); Keene Corp. v. Rogers, 863 S.W.2d 168
(Tex. App.-Texarkana 1993, no pet.).


 Ben Z. Grant

 Justice


Date Submitted: August 12, 2002

Date Decided: October 1, 2002


Publish
1. See Scherl v. State, 7 S.W.3d 650, 652 (Tex. App.-Texarkana 1999, pet. ref'd)[holding that
general objection referring broadly to Rule of Evidence 702 and to a case only generically
complained about the predicate of evidence without providing necessary specificity to allow trial
court to rule on issue]. An objection to an improper predicate that fails to inform the trial court
exactly how the predicate is deficient will not preserve error. Bird v. State, 692 S.W.2d 65, 70 (Tex.
Crim. App. 1985); Mutz v. State, 862 S.W.2d 24, 30 (Tex. App.-Beaumont 1993, pet. ref'd).
2. Counsel has not raised notice as an issue on appeal.



"false"
 UnhideWhenUsed="false" Name="Colorful Grid Accent 5"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-11-00148-CR

                                                ______________________________

 

 

 

                                                IN
RE:  CALVIN YARBOROUGH

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                            Memorandum
Opinion by Justice Moseley

                                                                              

                                                                              








                                                      MEMORANDUM OPINION

 

            This Court is in receipt of a letter
from Calvin Yarborough.[1]
 Allowing for a liberal interpretation of
a request made by Yarborough near the letters end, we will treat this
correspondence as a petition for mandamus relief.  Yarborough asks us to [o]rder the Harrison
County District Judge Honorable William T. Hughey to produce and provide
[Yarborough] with the entire certified post-conviction discovery and Grand
Jury minutes.  We deny Yarboroughs
request.

            We begin by pointing out that
Yarborough has supplied this Court with nothing establishing the existence of
any post-conviction discovery materials. 
For example, there is nothing suggesting that any evidentiary hearing
was ever held incident to any habeas corpus proceedings.   See
Tex. Code Crim. Proc. Ann. art.
11.07, § 3(d) (West Supp. 2010).  Neither
has Yarborough provided any record or information suggesting what, if any, minutes
of the Harrison County grand jury might exist; or how Yarborough would be
entitled to such items, assuming their existence.  See
generally Tex. Code Crim. Proc. Ann.
art. 20.012 (West 2005), art. 20.02 (West Supp. 2010).  

            The standard for mandamus relief
articulated by the Texas Court of Criminal Appeals requires the relator to
establish that (1) there is no adequate remedy at law to redress the alleged
harm; and (2) only a ministerial act, not a discretionary or judicial decision,
is being sought.  State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at
Texarkana, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).  Due to the nature of this remedy, it is
Yarboroughs burden to properly request and show entitlement to the mandamus
relief.  Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.Houston [1st Dist.]
1992, orig. proceeding) (per curiam) (Even a pro se applicant for a writ of
mandamus must show himself entitled to the extraordinary relief he seeks.).  Yarborough has failed in his obligation to
provide this Court with a sufficient record establishing his right to mandamus
relief.  We deny his requested relief.

            We also take this opportunity to
correct some evident misunderstandings on Yarboroughs part.  In his letter/petition, he states he has a
pending appeal, cause number 06-05-00067-CR. 
This cause number, cited above with the Southwest Reporter citation,
refers to an opinion issued by this Court in 2005.  The Texas Court of Criminal Appeals refused
Yarboroughs petition for discretionary review, and our mandate issued March
16, 2006.  Yarboroughs conviction in
that case is final; he has no appeal pending. 
See Beal v. State, 91 S.W.3d 794, 795 (Tex. Crim. App. 2002) (for
purposes of enhancement, conviction final upon issuance of appellate courts
mandate).

            Yarborough also references a letter
from this Court of May 4, 2011, wherein we advised him we had overruled a
motion for post-conviction discovery, filed in cause number 06-05-00067-CR, and
advising of costs should he wish to purchase copies of records from this
Court.  Our letter stated this Courts
records did not include any grand jury minutes. 
We did not explicitly state that this Courts records also did not
include anything that could constitute post-conviction discovery.  Upon review of the 2005 conviction, cause
number 06-05-00067-CR, we have found neither a hearing or record of any motion
for new trial nor any indication of any post-conviction proceeding.  Therefore, not only has Yarborough failed to
provide any record upon which he could establish a basis for mandamus relief,
there is no record in this Courts possession which would satisfy his request
to purchase any record items.  

            As for Yarboroughs request for a
file-marked copy of his letter/petition, we include such a copy with this Courts
instant ruling.  

            Finally, Yarborough requests a file
marked copy of transcriptions that the wrong appellate number 06-11-00096-CR
in your May 18, 2011 response has been corrected.  On May 18, 2011, this Court wrote
Yarborough to inform him a previous petition for mandamus relief had been
denied; that petition bore our cause number 06-11-00096-CR.  That petition, like the instant one, was a
one-page letter to this Court describing Yarboroughs lack of success
contacting his prior appellate attorney, and then asking this Court to order
the Harrison County District Clerk to provide Yarborough with transcriptions of
grand jury minutes.  We generously
treated this letter as a petition for mandamus relief,[2]
which we denied, as this Court lacks jurisdictional authority over district
clerks.  See In re Yarborough, No.
06-11-00096-CR, 2011 Tex. App. LEXIS 3798 (Tex. App.Texarkana May 18,
2011, orig. proceeding) (mem. op., not designated for publication).  There is nothing to correct in our May 18,
2011, correspondence.

            We
deny Yarboroughs petition for writ of mandamus.  

 

 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          August
10, 2011

Date Decided:             August
11, 2011

 

Do Not Publish

 











[1]This
Court affirmed Yarboroughs conviction for aggravated assault.  Yarborough
v. State, 178 S.W.3d 895 (Tex. App.Texarkana 2005, pet. refd).  





[2]We
refer Yarborough to Tex. R. App. P.
52, regarding the requisites of petitions for mandamus relief.