NO. 07-09-0181-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 16, 2009

______________________________


MID-CONTINENT GROUP D/B/A MID-CONTINENT CASUALTY 
AND MID-CONTINENT INSURANCE, APPELLANT

V.

KENNETH GOODE, APPELLEE

_________________________________

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-536,112; HONORABLE RUBEN REYES, JUDGE

_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.


ORDER OF ABATEMENT AND REMAND


          Appellant, Mid-Continent Group, d/b/a Mid-Continent Casualty and Mid-Continent
Insurance, appeals an adverse judgment rendered in favor of Appellee, Kenneth Goode,
on March 6, 2009. Appellant timely filed notice of appeal on June 4, 2009. The Clerk’s
Record was filed on August 4, 2009. On August 28, 2009, Susan Myatt, CSR, filed seven
of eight volumes of the Reporter’s Record. Volumes one through six consists of a Master
Index (Volume 1), pretrial proceedings on September 14 and 19, 2007, (Volumes 2 and
3 respectively), as well as trial proceedings on September 22, 23, and 24, 2007, (Volumes
4, 5, and 6 respectively). Volume 6 concludes with the return of the jury’s verdict and
discharge of the jury by the court. Volume 8 is a record of exhibits. At the time of the filing
of the Reporter’s Record, this Court was informed that Volume 7 would be prepared by a
different court reporter, Lindi Reeves, who had substituted for the original court reporter
during a post-trial proceeding on November 7, 2008. We have now received a sworn
affidavit from Lindi Reeves, entitled Affidavit Regarding Lost/Stolen Notes, wherein she
states that the entire record of proceedings for November 7, 2008, was lost when her
vehicle was broken into and her stenography machine stolen. Her affidavit is supported
by a police report.
          An appellant is entitled to a new trial if the appellant has timely requested a
reporter’s record; if, without the appellant’s fault, a significant portion of the court reporter’s
notes and records has been lost; if the lost portion of the record is necessary to the
appeal’s resolution; and if the lost portion of the reporter’s record cannot be replaced by
agreement of the parties. Tex. R. App. P. 34.6(f).
          The issues of significance, necessity, and replaceability are matters that this Court
cannot fully determine from the record presently before us. Therefore, in the interest of
justice, we now abate this appeal and remand the cause to the trial court for further
proceedings.
          Upon remand, the trial court shall utilize whatever means necessary to determine
the following questions:
          (1)      What was the purpose of the November 7, 2008 hearing?
 
          (2)      Was any evidence presented during the November 7, 2008
hearing; and, if so, what was the nature of that evidence?
 
          (3)      If evidence was presented during the November 7, 2008
hearing, can that portion of the reporter’s record be replaced
by agreement of the parties?
 
          The trial court is further ordered to execute findings of fact, conclusions of law, and
any orders it may deem necessary regarding the aforementioned issues and cause its
findings, conclusions, and orders, if any, to be included in a supplemental clerk’s record. 
A supplemental reporter’s record of the hearing, if any, shall also be prepared. Finally, the
trial court shall cause the supplemental clerk’s record and supplemental reporter’s record,
if any, to be filed with the Clerk of this Court on or before December 4, 2009. 
          It is so ordered.
                                                                                      Per Curiam



tion for new trial. 
The motion to recuse was supported by an affidavit from appellant's father providing
reasons for potential bias by the trial judge. According to the affidavit, appellant's father
was terminated in 1993, when the trial judge was in private practice and represented
appellant's father's employer. As a result of the termination, legal proceedings followed. 
During a hearing in 1994, appellant's father observed Judge Self prying into the father's
brief case and confronted him about it. Harsh words were exchanged and appellant's father
told Judge Self "he would regret the day he ever messed with [his] family." 

 Appellant's father also averred that he expressed concern about Judge Self to
appellant's attorneys prior to the adjudication hearing, but a strategic decision was made
not to file a motion to recuse out of fear it would aggravate any bias. He concluded that in
hindsight the motion to recuse caused Judge Self to impose the maximum sentence.

 Appellant concedes that timeliness of his motion to recuse is at issue. However,
relying on George v. State, 20 S.W.3d 130 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd),
he argues his motion was timely because it was directed at a hearing on the motion for new
trial. The State urges that the motion to recuse should have been filed at least ten days
prior to the adjudication hearing and that failure to do so waived any complaint of the denial
of an opportunity to have the motion heard by another judge. See Arnold, 853 S.W.2d at
544-45. See also DeBlanc v. State, 799 S.W.2d 701, 705 (Tex.Cr.App. 1990) (en banc). 

 In George, the defendant urged on appeal that the trial judge erred in presiding over
the motion for new trial hearing because the judge's conduct during trial was the central
issue to be decided. Id. at 136. No motion to recuse, however, was filed. The court of
appeals suggested that a motion to recuse directed at the motion for new trial hearing could
have attempted to foreclose the possibility of having a biased judge rule on the motion for
new trial. Id. 138-39. 

 George, however, is distinguishable. The judge who presided over a jury trial left to
attend a judicial conference before the jury returned a verdict. Another judge was asked
to receive the verdict. After the jury indicated it was deadlocked, the judge instructed them
to continue deliberating. Meanwhile, a plea agreement was being negotiated. Allegations
were made that during plea discussions with the judge, the judge threatened, intimidated,
and coerced a guilty plea from defendant. The grounds for possible recusal were not
known until after trial. See generally Martin v. State, 876 S.W.2d 396, 397 (Tex.App.-Fort
Worth 1994, no pet.) (noting that the ten-day requirement is not absolute and does not
contemplate a situation in which a party cannot know the grounds for recusal until after the
motion would no longer be timely). In the underlying case, the alleged reasons for recusal
were known more than ten days prior to the hearing on the motion to adjudicate. We
decline to apply George to the facts presented here. We conclude Judge Self's inaction on
the motion was not error. See Bruno v. State, 916 S.W.2d 4, 8 (Tex.App.-Houston [1st
Dist.] 1995, no pet.). Issues one and two are overruled.

 By his final issue, appellant contends the trial court erred in not setting a hearing on
his motion for new trial that was accompanied by affidavits that established reasonable
grounds to believe the allegations in the motion were true. We disagree. A defendant is
entitled to a hearing on a motion for new trial if the motion and accompanying affidavits
raise matters not determinable from the record upon which the defendant could be entitled
to relief. Wallace v. State, 106 S.W.3d 103, 108 (Tex.Cr.App. 2003) (en banc). 
Additionally, the defendant must present the motion to the trial court. Rozell v. State, 176
S.W.3d 228, __ (Tex.Cr.App. 2005). 

 The record demonstrates the motion was timely presented to the trial court. See
Tex. R. App. P. 21.6. By his motion for new trial and accompanying affidavits, appellant
presented the following grounds for relief:


 he was sentenced without being given an opportunity to present
punishment evidence;
 the trial court erred in refusing to contact his community supervision
officer in McLennan County;
 the court erred in refusing to allow him to present evidence on the
prosecutor's recommendation;
 the judgment and sentence were contrary to law; and
 his due process rights were violated because the trial court's decision
was based in part on a prior relationship with his father.



 As previously discussed, appellant was given an opportunity to present evidence in
mitigation of punishment and failed to object when the trial court imposed sentence, thereby
waiving any complaint regarding sentencing. Additionally, the judgment and sentence were
not contrary to law. Article 42.12, section 5(b) of the Code of Criminal Procedure denies
a defendant the right to appeal a trial court's decision to adjudicate guilt. Finally, appellant's
argument that the trial judge's bias violated his due process rights was disposed of in his
issues complaining of the trial court's refusal to recuse or refer the motion to recuse. We
conclude there were no issues raised in the motion for new trial that were not already
determinable from the record. Issue five is overruled. 

 Accordingly, the trial court's judgment is affirmed.

 Don H. Reavis

 Justice


 

Do not publish.
1. Appellant presents five issues in the table of contents and body of the brief;
however, he only presents four issues in the "issues presented" portion of the brief and the
State only responds to four issues. We will address all five issues.
2. Although appellant filed a "motion to disqualify," the substance of the document is
a request for recusal based on bias. Cf. Tex. Code Crim. Proc. Ann. art. 30.01 (Vernon
Supp. 2005).