ACCEPTED
06-15-00026-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
6/16/2015 7:03:32 PM
DEBBIE AUTREY
CLERK

## No. 06-15-00026-CR, 06-15-00027-CR, 06-15-00028

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
6/17/2015 8:22:00 AM
DEBBIE AUTREY
Clerk

IN THE

SIXTH COURT OF APPEALS

AT TEXARKANA, TEXAS

_____

**ROGER DALE GAMMONS,**

*Appellant*

**v.**

**THE STATE OF TEXAS,**

*Appellee*

_____

APPEAL FROM
THE 8TH DISTRICT COURT OF HOPKINS COUNTY, TEXAS
TRIAL COURT NO. 1423872, 1423873, 1423874

_____

**APPELLEE'S BRIEF**

_____

Will W. Ramsay
110 Main Street
Sulphur Springs, TX 75482
903.885.0641, f. 903.885.0640
wramsay@hopkinscountytx.com

Attorney for Appellee
State of Texas

ORAL ARGUMENT NOT REQUESTED

**Appellee's Brief**

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Texas Rule of Appellate Procedure 38(a), the following is a list of all

parties to the trial court's judgment and the names and addresses of all trial and

appellate counsel:

| **Appellant** | **Appellant's appellate counsel** |
|---|---|
| Roger Dale Gammons | J. Edward Niehaus |
| | 207 W. Hickory St. Suite 309 |
| | Denton, Texas 76201 |
| | 940.600.1295 telephone |
| | 888.821.2890 facsimile |
| | |
| | **Appellant's trial counsel** |
| | Heath Hyde |
| | 214 Connally Street |
| | Sulphur Springs, TX  75482 |
| | 903.439.0000 telephone |
| | |
| **Appellee** | **Appellee's trial & appellate counsel** |
| The State of Texas | Will Ramsay |
| | 8TH Judicial District Attorney |
| | 110 Main Street |
| | Sulphur Springs, TX  75482 |
| | 903.885.0641 telephone |
| | 903.885.0640 facsimile |
| | wramsay@hopkinscountytx.com |

# TABLE OF CONTENTS

Identity of Parties and Counsel ................................................................... i

Table of Contents ............................................................................... ii, iii

Index of Authorities............................................................................. iv

Statement of the Case .............................................................................2

Issues Presented.....................................................................................3

POINT OF ERROR 1: Appellant's Plea of Guilty was Involuntarily Entered Where Appellant was Incompletely Admonished Regarding His Eligibility for Probation

POINT OF ERROR 2: The Court Erred by Failing to Recuse Himself Where the Court had Personal Knowledge of Disputed Facts Relating to Appellant's Enhancement Paragraph(s)

POINT OF ERROR 3: The Court Erred by Failing to Recuse Himself After Having Previously Served as Counsel to the Defendant in Related Criminal Proceedings Relevant to the Case for Which Appellant Appeared Before the Court

Statement of Facts .................................................................................4

Summary of the Argument.......................................................................5

Argument................................................................................................ 5-8

POINT OF ERROR 1: Appellant's Plea of Guilty was Not Involuntarily Entered Because Appellant was Admonished Correctly Pursuant to Article 26.13 of the Code of Criminal Procedure. .............. 5-7

POINT OF ERROR 2: Appellant Waived and Failed to Preserve Any Possible Error in the Trial Judge Hearing the Case. .............................. 7-8

POINT OF ERROR 3: Besides Failing to Preserve Error, This Court Has Held that a Trial Court Does Not Err by Failing to Recuse

Himself After Having Previously Served as Counsel to the Defendant in Related Criminal Proceedings..............................................8

Prayer..............................................................................................8

Certificate of Word Count ..............................................................9

Certificate of Service ....................................................................9

# INDEX OF AUTHORITIES

## Cases

*Arnold v. State,*
        853 S.W.2d 543, 544–45 (Tex.Crim.App.1993) .............................. 7,8

*Barron v. State of Tex. Attorney Gen.,*
        108 S.W.3d 379, 383 (Tex.App.-Tyler 2003, no pet.) ........................ 7

*Martin v. State,*
        876 S.W.2d 396, 397 (Tex.App.-Fort Worth 1994, no pet.) ................ 7

*Morsman v. State,*
        2013 Tex. App. LEXIS 6177, 2013 WL 2247322 (Tex. App.
        Texarkana May 21, 2013). ................................................. 8

*Rosas v. State,*
        76 S.W.3d 771, 774 (Tex.App.-Houston [1st Dist.] 2002, no pet.) ..... 7

## Statutes

TEX. CODE CRIM. P. art. 26.13 ................................................................ 5, 6

Tex.R. Civ. P. 18a(a) (amended 2011) ........................................................ 7

# No. 06-15-00026-CR, 06-15-00027-CR, 06-15-00028

_____

IN THE

SIXTH COURT OF APPEALS

AT TEXARKANA, TEXAS

_____

**ROGER DALE GAMMONS,**

*Appellant*

**v.**

**THE STATE OF TEXAS,**

*Appellee*

_____

APPEAL FROM
THE 8TH DISTRICT COURT OF HOPKINS COUNTY, TEXAS
TRIAL COURT NO. 1423872, 1423873, 1423874

_____

**APPELLEE'S BRIEF**

_____

## STATEMENT OF THE CASE

Appellee believes that the Appellant has accurately and succinctly given the

*Statement of the Case* in his brief and would adopt his version as follows:

Appellant was charged by indictment with possession of a penalty group one controlled substance, with intent to deliver, in an amount over 4g but less than 200g in cause number 1423872 (hereinafter "case 872")(CR1 at 1, 42), with tampering with physical evidence in cause number 1423873 (hereinafter "case 873")(CR2 at 1, 41), and with 4g but less than 200g in cause number 1423874 Appellant's Opening Brief iv (hereinafter "case 874")(CR3 at 1, 42), all of which were pending in the 8TH Judicial District Court of Hopkins County, Texas, the Honorable Eddie Northcutt, Presiding, (RR II 6 – 8).1 Appellant's punishment range was enhanceable pursuant to the habitual felony offender provision of the penal code, (RR II 8; CR1 at 29; CR2 at 18; CR3 at 26). After plea of guilty and hearing on punishment, Appellant was sentenced to incarceration for life, (CR1 at 34 – 35, 39 – 40; CR2 at 31 – 32, 37 – 38; CR3 at 33 – 34, 38 – 39; RR IV 43). As this case did not involve a plea bargain, Appellant has a right to appeal, (CR1 at 36; CR2 at 34; CR3 at 35). Appellant timely filed notice of appeal, (CR1 at 47 – 52; CR2 at 46 – 51; CR3 at 46 – 51). (Appellant's Brief pp. iv-v.)

## ISSUES PRESENTED

POINT OF ERROR 1: Appellant's Plea of Guilty was Involuntarily Entered Where Appellant was Incompletely Admonished Regarding His Eligibility for Probation.

POINT OF ERROR 2: The Court Erred by Failing to Recuse Himself Where the Court had Personal Knowledge of Disputed Facts Relating to Appellant's Enhancement Paragraph(s).

POINT OF ERROR 3: The Court Erred by Failing to Recuse Himself After Having Previously Served as Counsel to the Defendant in Related Criminal Proceedings Relevant to the Case for Which Appellant Appeared Before the Court.

## STATEMENT OF FACTS

Counsel for appellant has written a *Statement of Facts* that is approximately 4 pages in length. (Brief for Appellant pgs. 1-5) Appellee adopts the *Statement of Facts* set forth in the *Brief for Appellant* absent the emphasis added.

**SUMMARY OF THE ARGUMENT**

**POINT OF ERROR 1: Appellant's Plea of Guilty was Not Involuntarily Entered Because Appellant was Admonished Correctly Pursuant to Article 26.13 of the Code of Criminal Procedure.**

**POINT OF ERROR 2: Appellant Waived and Failed to Preserve Any Possible Error in the Trial Judge Hearing the Case.**

**POINT OF ERROR 3: Besides Failing to Preserve Error, This Court Has Held that a Trial Court Does Not Err by Failing to Recuse Himself After Having Previously Served as Counsel to the Defendant in Related Criminal Proceedings.**

**ARGUMENT**

**POINT OF ERROR 1: Appellant's Plea of Guilty was Not Involuntarily Entered Because Appellant was Admonished Correctly Pursuant to Article 26.13 of the Code of Criminal Procedure.**

The trial court satisfied the requirements of Article 26.13 of the Texas Code of Criminal Procedure. Nowhere in Article 26.13 is it required that the court explain the differences between "straight" probation and deferred adjudication.

Appellant is confused as to Appellee's argument in this point of error. The argument seems to be that the trial court erred by *not* telling Appellant that "straight" probation was prohibited. However, the trial court went above and beyond to explain the possible consequences of this open plea.

**Appellee's Brief**                                                    **Page 5**

(*See* RR. Vol. 2 p. 6)  In this rendition of the possible consequences of the plea, the trial court explained the best and worst day for Appellant.  Further, within all of the possibilities associated with a plea of guilty, the court mentioned the chance of straight probation.  This explanation was prior to the trial court finding it true that Appellant had two prior consecutive felony convictions.

Taken together, the fact that the judge explained to the defendant that the court *could* assess a punishment of 10 years or less and then suspend the imposition of the sentence and place Appellant on probation, but then later told Appellant that, if the prior convictions were found true, Appellant's range of punishment would move to 25 to Life, shows that the court explained the prohibition on straight probation.  After going through the whole explanation, Appellant stated that he understood.  (*See* RR. Vol. 2 p. 9)

Regardless of the fact that the trial court satisfied the requirements of Article 26.13, Appellant would not have been harmed if the court had *never* mentioned the possibility of straight probation.  The Appellant even stated that he "…rejected a plea bargain offer of twenty-five years confinement *in order to* attempt to obtain deferred probation from the Court." (Appellant's Brief p. 7) (emphasis added).  The truth of the matter is Appellant was going

"all in" with the hopes that the judge would give him deferred probation, even with the prior pen trips. To now state that the court failed to advise him of the prohibition of straight probation is not demonstrated by the record and, quite simply, not legally required of the trial court.

**POINT OF ERROR 2: Appellant Waived and Failed to Preserve Any Possible Error in the Trial Judge Hearing the Case.**

Generally, a recusal motion must be filed at least ten days before trial and must be verified. *See* Tex.R. Civ. P. 18a(a) (amended 2011); *Arnold v. State*, 853 S.W.2d 543, 544–45 (Tex.Crim.App.1993); *Barron v. State of Tex. Attorney Gen.*, 108 S.W.3d 379, 383 (Tex.App.-Tyler 2003, no pet.). The provisions of Rule 18a wherein a trial judge must recuse himself or refer the motion to the presiding judge of the administrative judicial district apply when a written, verified motion to recuse is filed. *Id.* If the basis for recusal does not become apparent until a later point in time, the defendant preserves the complaint by promptly filing the written, verified motion when the basis for recusal is finally discovered. *See Rosas v. State*, 76 S.W.3d 771, 774 (Tex.App.-Houston [1st Dist.] 2002, no pet.); *Martin v. State*, 876 S.W.2d 396, 397 (Tex.App.-Fort Worth 1994, no pet.).

In this case, Appellant was aware of a possible complaint more than ten days before the punishment hearing and did not timely file a verified written motion to recuse. *See* RR. Vol. 3 p. 5-8. In fact, Appellant expressly waived any objection to the fact that the judge had previously represented him on another case. *Id.*

Therefore, the issue was waived and not preserved for appellate review. *See Arnold*, 853 S.W.2d at 544–45.

> **POINT OF ERROR 3: Besides Failing to Preserve Error, This Court Has Held that a Trial Court Does Not Err by Failing to Recuse Himself After Having Previously Served as Counsel to the Defendant in Related Criminal Proceedings.**

As Appellant properly stated, this Court has already decided this issue. *See Morsman v. State*, 2013 Tex. App. LEXIS 6177, 2013 WL 2247322 (Tex. App. Texarkana May 21, 2013). *Morsman* is directly on point and in favor of the trial court's actions.

Further, and in the alternative, Appellant has waived any possible error regarding this issue for the reasons stated above in Point of Error 2.

**PRAYER**

WHEREFORE, premises considered, Appellee, State of Texas, respectfully requests that the judgment of the trial court be affirmed.

Respectfully submitted,

By: __//s// Will Ramsay__
Will Ramsay
8th Judicial District Attorney
State Bar #24039129
110 Main Street
Sulphur Springs, TX 75482
903.885.0641, f. 903.885.0640
willramsay@hopkinscountytx.com

Attorney for Appellee
State of Texas

## CERTIFICATE OF WORD COUNT

Pursuant to Tex. R. App. P. 9.4(i)(3), this document contains **1,819** words.

_/s/ Will Ramsay_
**Will Ramsay**

## CERTIFICATE OF SERVICE

This is to certify that on **June 16, 2015**, I served a true and correct copy of the above and foregoing *Appellant's Brief* by email on J. Edward Niehaus, Attorney for Appellant.

_/s/ Will Ramsay_
**Will Ramsay**